## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 26, 2020

Linda V. Leonard
202 Dauntsey Drive
Arnold, Maryland 21012

LETTER OPINION

RE:   *Leonard v. PNC Bank National Headquarters, et al.*,
Civil No. SAG-20-0011

Dear Ms. Leonard and Counsel:

Plaintiff Linda V. Leonard filed this lawsuit, *pro se*, against four named defendants, including PNC Bank National Headquarters and PNC Bank Local Branch (collectively, "PNC"), National Union Fire Insurance Company ("AIG"), and "Unknown Insurers of PNC Bank." ECF 1. I have reviewed the Motion to Dismiss filed by AIG, ECF 5, Ms. Leonard's Opposition, ECF 14, and AIG's Reply, ECF 15. I have also reviewed PNC's Motion to Dismiss, ECF 17, and Ms. Leonard's Opposition, ECF 19.[1] The Court is also mindful of its duty to liberally construe the filings of *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, both motions to dismiss will be granted, and Ms. Leonard's Complaint will be dismissed without prejudice.

### A.   PNC's Motion to Dismiss

PNC's Motion to Dismiss contends, pursuant to Federal Rule of Civil Procedure 12(b)(1), that this Court lacks subject matter jurisdiction to adjudicate Leonard's claims.[2] Leonard's

---

[1] PNC also filed a Motion to Strike Plaintiff's Reply to Answer, ECF 16. Plaintiff's submission in question, ECF 11, was docketed as correspondence, and there is no procedural basis for a "reply to an answer" to be filed or considered by the Court. Accordingly, I will deny the motion to strike, because in the interest of a complete record, Plaintiff's filing should remain on the docket, although it has no legal effect.

[2] In her opposition, Plaintiff objects to PNC's filing of a Motion to Dismiss after having filed its Answer. ECF 19 at 1-2. While Plaintiff is correct that many of the Rule 12(b) defenses are waived if not asserted prior to filing an answer, Rule 12(h)(1) does not bar a defendant from raising a post-answer motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). In fact, "[a] litigant generally may raise a court's lack of subject-matter jurisdiction at

*Leonard v. PNC Bank National Headquarters, et al.*,
Civil No. SAG-20-0011
May 26, 2020
Page 2

Complaint is brought in federal court, instead of state court, on the basis of diversity jurisdiction, which exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the litigation is between citizens of different states.   28 U.S.C. § 1332(a)(1).  The burden rests with Leonard, as "the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  If "a defendant challenges the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).

Leonard's Complaint contains the following allegations pertaining to the monetary amount in dispute:

> As a direct result of a targeted consumer Fraud and Multi-level marketing fraud incident, one or more unknown bad actors fraudulently diverted more than $60,000.00 in funds that Leonard owned, controlled and managed, and which she kept in or moved through PNC bank consumer account/retail consumer banking checking and/or savings accounts.

ECF 1, ¶ 5.

> This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

*Id.* ¶ 12.

> By changing those instructions, the Perpetrator(s) diverted more than $50K that had been collected and saved by LEONARD before the funds were disbursed to several clients or one in receiving institutions.

*Id. ¶* 30.

> While some of the funds were ultimately recovered from other sources who admitted that they and PNC BANK and other banking and financial institutions were well aware of MOBE long before LEONARD's Account was impacted by the Fraud, LEONARD lost more than $50K that was never recovered.

*Id.* ¶ 31.

---

any time in the same civil action." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

*Leonard v. PNC Bank National Headquarters, et al.*,
Civil No. SAG-20-0011
May 26, 2020
Page 3

Other than her generic recitation of the statutory requirements for diversity jurisdiction, each of the factual allegations alleging the amount of Leonard's loss suggests a loss of less than $75,000.00. Although her complaint makes reference to her desire to collect interest and attorney's fees (which are not recoverable for a *pro se* litigant), those items are not included when calculating an amount in controversy. *See* 28 U.S.C. § 1332(a) (excluding "interest and costs" from the amount in controversy calculation); *Jones v. Dacosta*, 930 F. Supp. 223, 224, 226 (D. Md. 1996) (concluding, in a "common law breach of contract and/or fraud theory" case, that the individual *pro se* plaintiff could not submit a claim for attorneys' fees (citing *Kay v. Ehrler*, 499 U.S. 432, 435 (1991))).

Leonard's Complaint, then is "destitute of any appropriate allegation as to jurisdictional amount save the general allegation that the matter in controversy exceeds" the $75,000 threshold. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 181 (1936); *see also Joy Family Ltd. P'ship v. United Fin. Banking Co., Inc.*, Civ. No. ELH-12-3741, 2013 WL 4647321, at *7 (D. Md. Aug. 28, 2013) (finding "a conclusory statement, tracking the language of 28 USC 1332(a)" to be insufficient to establish an amount in controversy where "[t]he complaint contains no allegations of fact to support this assertion."). *McNutt* specifically held that such general allegations are insufficient, because a plaintiff "must allege in his pleading *the facts* essential to show jurisdiction." 298 U.S. at 189 (emphasis added). Moreover, where the "allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, [the plaintiff] must support them by competent proof." *Id.*

Here, PNC quite appropriately has challenged Leonard's allegations of jurisdictional facts, given her repeated factual allegations suggesting that her losses fell below $75,000.[3] In response to PNC's motion, Leonard did not proffer facts to establish that her losses exceed $75,000. ECF 19 at 1-2. Instead, she "states that damages sought are at $1 less than [PNC's] insurance liability limits." *Id.* at 1. Even construing Leonard's allegations liberally, Leonard has not established a good faith basis to assert a claim for any such amount, particularly given the fact that she has no evidence of the identity of PNC's insurer or the amount of the relevant policy, and has not proffered any other category of damages, besides her actual financial losses, that might be recoverable under any of her legal theories. *See Joy Family*, 2013 WL 4647321, at *13-14 (finding that "Plaintiff's complaint fails to allege facts showing that the Partnership incurred special damages (*i.e.,* pecuniary damages), or any other category of actual damages (such as damages for emotional distress, assuming that a business entity could experience such damages)," and failed to establish entitlement to punitive damages). Ultimately, here, the facts showing that Leonard herself has potential losses exceeding $75,000, sufficient to show the existence of subject matter jurisdiction, "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick,* 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt*, 298 U.S. at

---

[3] It is true that an assertion of loss of "more than $50k" would not preclude the loss from also exceeding $75,000. However, it is Leonard's burden, particularly in light of the challenge to jurisdiction mounted by PNC, to plead facts establishing, by a preponderance of the evidence, that her total losses exceed that threshold. *Evans v. B.F. Perkins Co.*, 166 F.3d 624, 647 (4th Cir. 1999).

*Leonard v. PNC Bank National Headquarters, et al.*,
Civil No. SAG-20-0011
May 26, 2020
Page 4

189); *see also El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 752 (7th Cir. 2013) ("The fact that the plaintiff *alleged* an amount in controversy in excess of $75,000 . . . does not establish that this *is* the amount in controversy.") (emphasis in original).  Because the existing Complaint does not contain such facts, and cannot be gleaned even from a liberal reading, it must be dismissed without prejudice for lack of subject matter jurisdiction.

### B.      AIG's Motion to Dismiss

Next, Defendant AIG has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF 5.  A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss.  *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions.'"); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2).  *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."  *Johnson v. City of Shelby*, 574 U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient.  *Twombly*, 550 U.S. at 555.  Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely."  *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff."  *E.I. du Pont de Nemours & Co.*, 637 F.3d 435 at 440 (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc*., 791 F.3d 473, 484 (4th Cir. 2015).  However, a court is not required to accept legal conclusions drawn from the facts.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  "A

*Leonard v. PNC Bank National Headquarters, et al.*,
Civil No. SAG-20-0011
May 26, 2020
Page 5

court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Here, even had the allegations in Leonard's complaint adequately pled the required amount in controversy, she would not have stated a viable claim for relief against AIG. Her factual allegations, which appear to be copied largely verbatim from the unrelated complaint in *RealPage, Inc. v. National Union Fire Insurance Company of Pittsburgh, PA*, Civil No. 3:19-cv-01350-B (N.D. Tx. 2019), ECF 1, suggest that AIG has not fulfilled its obligations under a Commercial Crime Policy sold to PNC. Even assuming that those facts are accurate, Ms. Leonard would not be a named insured under such a policy, and could not enforce any contractual rights the policy might provide. *See, e.g.*, *Great Am. Ins. Co. v. Johnson,* 25 F.2d 847, 848 (4th Cir. 1928) (ruling that only named insured could maintain action under first-party insurance policy); *CX Reinsurance Co. v. Levitas,* 207 F. Supp. 3d 566, 570-71 (D. Md. 2016) (rejecting a tort claimant's assertion that she could enforce rights provided under a liability insurance policy as a third-party beneficiary of the policy). Accordingly, even if PNC has an insurance policy through AIG, Leonard has not sufficiently alleged a plausible claim that she could assert against AIG or any other insurer of PNC.

For the reasons set forth herein, AIG's Motion to Dismiss, ECF 5, will be **GRANTED**; PNC's Motion to Dismiss, ECF 17, will be **GRANTED**; and PNC's Motion to Strike, ECF 11, will be **DENIED**. Ms. Leonard's claims against both Defendants will be **DISMISSED WITHOUT PREJUDICE**, and the Clerk is **DIRECTED** to **CLOSE** this case. Within thirty (30) days of the date of this Opinion, however, Ms. Leonard may file a motion for leave to amend her complaint, if she is able to plausibly allege a viable claim, including facts establishing potential damages exceeding $75,000, against PNC and/or AIG. A copy of Leonard's proposed Amended Complaint, and a redlined comparison copy, as required by Local Rule 103.6(c), shall also accompany the motion. The Clerk is further **DIRECTED** to mail a copy of this Letter Opinion to Plaintiff at her address of record.

A separate order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge